IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>Plaintiff,<br><br>vs.<br><br>CAPTAIN BRAGG AND SHERIFF LEO DUTTON,<br><br>Defendants. | CV-22-23-H-JTJ<br><br>ORDER |

Plaintiff Bobby Francis Lowry filed a Complaint alleging constitutional violations regarding medical care. He has moved, again, for preliminary injunctive relief. (Doc. 41.) He has also moved for the issuance of subpoenas. (Docs. 43, 44, and 45.) The motions will be denied.

I.   **PRELIMINARY INJUNCTION**

The standard for issuance of a temporary restraining order or preliminary injunction is high. Lowry must show he is likely to succeed on the merits of his claims and likely to suffer irreparable harm without preliminary relief. He must also show that the balance of equities tips in his favor and an injunction is in the public interest—although the latter two factors merge into one when the opposing party is a governmental entity, as Defendants in their official capacity are. *See*

1

*Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)). Additionally, "[i]n any civil action with respect to prison conditions," preliminary injunctive relief must, among other things, "be the least intrusive means necessary to correct" the "violation of a federal right." 18 U.S.C. § 3626(a)(2), (a)(1)(B)(ii).

Lowry has failed to meet these requirements for injunctive relief. He has still not shown that he is likely to succeed on the merits of his claim. Charging prisoners fees for medical services does not violate the Constitution unless it prevents prisoners from receiving medical care. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). The fact of a fee, without more, does not state a constitutional claim for denial of medical care. This is not to say, at this point, that Lowry may not eventually prove a constitutional claim. But he has not established that he is likely to do so.

On the other prong, Lowry has not established that irreparable harm will befall him if he does not receive an injunction. The form requiring acknowledgment that Lewis and Clark County Sheriff's office will attempt to recoup medical fees through his canteen account is not an insuperable hurdle to care; he simply had to sign the form. Care was available to him but he declined to

take it. (Doc. 47-1.) Lowry's reply brief states that he signed the acknowledgement of fee policy but did not sign the mental health records release. Factually, this raises a new, different issue that is not alleged in his amended complaint. (*Compare* Doc. 41 at 7 and Doc. 45 at 5.) Lowry fails to assert any harm associated with medical departments communicating about his records in order to coordinate care, especially given the federal privacy protections of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-6.) If the payment policy was later determined to be contrary to federal law, his damages would clearly include recompense for any out-of-pocket expense. If Lowry truly fears imminent death for lack of medical care, the prudent course would be to proceed to the care and sort the finances out later.

In addition, Lowry's allegations have shifted since his Complaint was filed. In his Complaint, he states that his seizure condition arose during his time in jail, and therefore, it should not be subject to the Montana state law regarding prisoner payment of medical costs. He now asserts that the condition causing his possibly imminent death is a recurrence of pre-existing cancer. (Doc. 41 at 3.) In that case, his argument that the policy does not apply to him at all fails. Setting aside whether the policy would eventually be determined to be flawed, acknowledging that it exists in order to receive medical care does not reflect the possibility of irreparable

harm.

Defendants also contend that the party he seeks to enjoin, Lake County, is not a defendant in the suit. However, as Lowry points out, the Lewis and Clark County Sheriff's Office was named as a party in Lowry's Amended Complaint. (Doc. 7 at 3.) The notice regarding charges states that the Lewis and Clark County Sheriff's Office will make charges to the inmate's account. (Doc. 41-1 at 2.) At this point, an injunction directing the Defendant Sheriff would fulfill the purpose of requiring action by that Sheriff's Office as an entity. The Sheriff's Office can only act through its personnel, and, particularly, its leader. However, in light of the Court's conclusion that an injunction is not warranted, the dispute is irrelevant.

## II. MOTIONS FOR SUBPOENA

Lowry has moved for subpoenas to obtain various documents in the possession of defendants. As stated previously, the Court will not authorize subpoenas, *see* Scheduling Order at 7 ¶ D, to allow a party to obtain information that may be obtained by discovery. (Doc. 40 at 5.) The requests made by Lowry in Doc. 43, 44 and 46 are requests that are properly directed toward Defendants through discovery. Lowry has not demonstrated that he has attempted to obtain these documents through proper means. The motions will be denied.

Discovery by subpoena duces tecum is limited by the same relevance standards set forth in Fed. R. of Civ. P. 26(b)(1) and by the Court's duty under Fed. R. of Civ. P. 45(d)(1) to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena." *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (the court must limit discovery when it can be obtained from some other source that is more convenient, less burdensome, or less expensive).

As to the proposed subpoenas at Docs. 43-1, 43-2, 43-3, the purpose of these documents is not entirely clear. No allegation in Lowry's Amended Complaint relates to any of these entities. Presumably, Lowry intends to prove something about his health conditions by admitting related medical records. But his motion does not make clear why medical records that presumably have not been in the possession of Defendants would be relevant to whether they were deliberately indifferent to his medical needs. The motions will be denied, subject to renewal if Lowry is capable of demonstrating the relevance of these documents.

Accordingly, it is HEREBY ORDERED:

1.  Lowry's motion for a preliminary injunction is DENIED. (Doc. 41.)

2.  Lowry's motions for subpoenas duces tecum are DENIED, subject to renewal as described above. (Docs. 43, 44, and 46.)

3.      At all times during the pendency of this action, Lowry must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 6th day of April, 2023.

/s/ John Johnston
John Johnston
United States Magistrate Judge